The Cpu?iT,delivered the follotving opinion Reed, bpought his actjpn for slanderous words, spoken by ijatcher, and declared ⅛ three counts : one for calling tbe plaintiff aliar, a rogue, add a cheat j another, for calling him a'thief ; the third, for saying he was perjured. After two continuances for the defendant, an issue was made up on the plea of not guilty ; and thereupon, a verdict was rendered- for the plaintiff, for two hundred dollars darqage. The defendant, Hatcher, moved for a new trial, on the ground that certain witnesses, not examined on the trial,, could substantiate the charge of perjury ; that one witness, had been summoned, and had promised to attend, but failed ; that the other witnesses had left the: state, whiefowas not known to said Hatcher *516 untll a day or two before the trial ; he believed'he had directed him to be summoned; that,not admitting he ever spoke all the words charged in the declaration, yet it was his intention to have justified ; but finding the witnesses did not attend, by whom he could support such plea, he abandoned the attempt. These are the facts disclosed in a written affidavit. The court refused to grant a new trial; and certify, that upon examination in open court, the defendant had disclosed his knowledge, in due time, of several other witnesses to the same points, whose attendance might have been procured ; living in the county in which the trial was had ; one of them actually examined by the plaintiff on the trial, but not cross examined by the defendant, &c.
Littell and Bledsoe, for the appellant; Hardin and Clay, for the appellee.
Judgment was rendered on the verdict; from which the defendant appealed; and has assigned for error, the refusal of the court to grant a new trial, only.
If the appellant had used due diligence to procure the attendance of material witnesses, who nevertheless, were absent without his default, he might have moved for ⅝ continuance ; but not having done so, but rested his de-fence on the plea of not guilty, he had no legal claim to a new trial. The court would have been very indulgent; indeed, to thé negligence of the appellant, if they had granted him a new trial upon his written affidavit; for the purpose of permitting him to attempt a justification, of one of the charges in the declaration.
The negligence of a party under no incapacity, is no, cause for a new trial. But when we add to the affidavit of the party, the certificate of the court, thé negligence is too gross to leave a single loop on which to hang a doubt, as to the correctness of overruling the motion foh anew trial.-Judgment affirmed.